**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4906

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAYMOND RONALD JENNINGS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:17-cr-00161-CCE-1)

Submitted:  June 28, 2019                     Decided:  July 12, 2019

Before GREGORY, Chief Judge, and MOTZ and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William S. Trivette, WILLIAM S. TRIVETTE, ATTORNEY AT LAW, PLLC, Greensboro, North Carolina, for Appellant.  Michael Francis Joseph, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raymond Ronald Jennings appeals the district court's judgment revoking his supervised release and sentencing him to 13 months' imprisonment. Jennings' attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which he avers that there are no meritorious issues for appeal but questioning the reasonableness of Jennings' sentence. Jennings has filed a pro se supplemental brief. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). We "will affirm a revocation sentence if it is within the statutory maximum and is not 'plainly unreasonable.'" *Id.* (quoting *United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006)). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). A sentence is substantively reasonable if the district court states a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. *Crudup*, 461 F.3d at 440. A sentence within the applicable Policy Statement range under Chapter 7 of the Sentencing Guidelines is presumed reasonable. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015). Applying these standards, we readily conclude that Jennings' within-range, 13-month sentence is neither procedurally nor substantively unreasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal.* We therefore affirm the district court's judgment. This court requires that counsel inform Jennings, in writing, of the right to petition the Supreme Court of the United States for further review. If Jennings requests that such a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jennings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

* We have considered the issues Jennings raises in his pro se supplemental brief and find that he is not entitled to relief on those claims.